UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


IN RE TPI DESERT CARMEL, LLC,

            Debtor,                            Case No. 1:04 CV 417

_____/

## **REPORT AND RECOMMENDATION**

      This matter is before the Court on the Debtor's <u>Motion for Order Approving Procedures for Sale of Assets Free and Clear of Liens, Claims and Encumbrances Pursuant to Section 363 of the Bankruptcy Code</u>. (Dkt. #62). In this motion, the Debtor requests that the Court permit certain property (the Desert Carmel Property) to be sold at auction and, furthermore, requests that the Court approve the procedures by which such auction shall take place.

      On March 18, 2005, the Court granted the Debtor's motion as to the procedures by which any such sale shall occur. (Dkt. #72). However, with respect to whether the Debtor would even be permitted to sell the Desert Carmel Property, the Court reserved its ruling, so as to permit the Court an opportunity to consider any objections which any interested party may have regarding the proposed sale. On March 9, 2005, Burt Hoehne submitted objections to the proposed sale. On April 12, 2005, the Court conducted a hearing at which to consider Hoehne's objections. Having considered said objections, the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B), recommends that the remaining portion of the Debtor's motion be granted and that the Debtor be permitted to sell the Desert Carmel Property pursuant to the terms previously authorized.

## ANALYSIS

On February 12, 2003, an Agreement for Sale was executed between Trade Partners Gateway Center LLC (TPI) and Kaysee Okpaise to purchase certain property (the Desert Carmel Property). On March 15, 2003, Okpaise, as Trustee, executed and delivered to Hoehne, as Beneficiary, a Deed of Trust pledging Okpaise's rights in the property to Hoehne to allegedly secure performance of a promissory note in favor of Hoehne.

Okpaise failed to timely make any of the payments required under the Agreement for Sale. On June 4, 2003, TPI filed a Notice of Election to Forfeit, pursuant to procedures articulated under Arizona law, thereby putting Okpaise and Hoehne on notice that failure to cure these deficiencies would result in the termination of their rights in the Desert Carmel Property. There is no dispute that neither Okpaise nor Hoehne has ever made any payment to TPI on the Agreement for Sale.

Neither Okpaise nor Hoehne made any attempt to cure these deficiencies and TPI subsequently completed the forfeiture process on March 24, 2005, allegedly terminating Okpaise's and Hoehne's rights in the Desert Carmel Property. Hoehne asserts that TPI's attempt to terminate his and Okpaise's rights in the Desert Carmel Property was ineffective under Arizona law. In other words, Hoehne and TPI dispute whether Hoehne possesses any equitable interest in the Desert Carmel Property. This dispute is the subject of a separate declaratory judgment action filed by TPI on October 19, 2004. Notwithstanding this dispute, Hoehne concedes that TPI possesses legal title to the Desert Carmel Property.

Federal bankruptcy law provides that a debtor's estate includes "all *legal* or equitable interests of the debtor in property as of commencement of the case." 11 U.S.C. § 541(a)(1). As previously noted, Hoehne concedes that TPI possesses legal title to the Desert Carmel Property. The

Court finds, therefore, that the Desert Carmel Property is properly considered part of the Debtor's estate. Federal bankruptcy law further provides that a debtor may sell estate property "free and clear of any interest in such property of an entity other than the estate" if "such interest is in bona fide dispute." 11 U.S.C. § 363(f)(4).

The phrase "bona fide dispute" is not defined in the Bankruptcy Code, but courts have consistently held that a bona fide dispute exists where there is "an objective basis for either a factual or legal dispute" regarding the validity of the interest. *See, e.g., In re Gaylord Grain L.L.C.*, 306 B.R. 624, 627 (B.A.P. 8th Cir. 2004) (citations omitted); *In re Collins*, 180 B.R. 447, 452 (Bankr. E.D. Va. 1995) (citations omitted). The Court is not required to resolve the underlying dispute, simply determine its existence. *Id.*

The nature and extent (if any) of Hoehne's interest in the Desert Carmel Property is clearly in dispute. TPI claims that if such interest existed, such was terminated pursuant to the procedures articulated under Arizona law. Hoehne asserts that TPI's attempt to terminate its interests in the property were ineffective under Arizona law. This dispute is the subject of an adversary proceeding before the Honorable Robert Holmes Bell. The Court finds, therefore, that Hoehne's alleged interest in the Desert Carmel Property is subject to a "bona fide dispute" as that phrase is understood in the Bankruptcy Code.

Courts have determined that "the authority to sell free and clear is broad," *In re Trans World Airlines, Inc.*, 2001 WL 1820325 at *3 (Bankr. D. Del., Mar. 27, 2001), and intended "to allow the sale of property of the estate free and clear of disputed interests so the liquidation of the assets are not unnecessarily delayed while the disputes are being litigated." *In re Robotic Vision Systems, Inc.*, 2005 WL 758185 at *2 (Bankr. D.N.H., Mar. 4, 2005). In the Court's estimation, permitting the Debtor

to sell the Desert Carmel Property free and clear of Hoehne's alleged interest is consistent with both the letter and intent of the Bankruptcy Code. The asserted interest of Hoehne will, however, attach to the proceeds of the sale until the Honorable Robert Holmes Bell determines Hoehne's rights or lack thereof in the property.

The Court's determination in this regard is further influenced by the conclusion that Hoehne has consistently failed to act with diligence to assert or protect his alleged interests in the Desert Carmel Property. On August 2, 2004, the Debtor moved the Court to permit the sale of the Desert Carmel Property free and clear of any interests. The Court held two hearings on this motion, after which it granted, on September 27, 2004, the Debtor's motion. (Dkt. #47). In the eight weeks between the filing of the Debtor's motion and the Court's ruling, Hoehne never asserted any objection to the sale of the Desert Carmel Property. Only after the subsequent attempt to sell the Desert Carmel Property fell through[1] and the Debtor renewed his motion to sell the property did Hoehne assert any objection. The Court further notes that there exists no evidence that Hoehne has ever taken any action in the Arizona courts to assert or protect his alleged interest in the Desert Carmel Property.

## CONCLUSION

In conclusion, for the reasons articulated herein, the Court recommends that the Debtor be permitted to sell the Desert Carmel Property "free and clear of any interest in such property of an entity other than the estate."

---

[1] There was a previous attempt to sell the property pursuant to the Court's September 27, 2004 Order. However, the prospective purchaser defaulted and the sale was not consummated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  April 13, 2005                            /s/ Ellen S. Carmody
                                                 ELLEN S. CARMODY
                                                 United States Magistrate Judge