IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TPI DESERT CARMEL, LLC, | § | CIVIL ACTION NO. 1:04-CV-00417-RHB |
| | § | CHAPTER 11 |
| DEBTOR. | § | |

**ORDER APPROVING SETTLEMENT WITH BURT
HOEHNE AND HIS AFFILIATED ENTITIES**

On this date, the Court considered the oral motion (the "Motion") of TPI Desert Carmel, LLC (the "Debtor") made at a hearing in this case on April 13, 2005 to approve a settlement agreement between the Debtor and Burt Hoehne (the "Settlement Motion"). After reviewing the record and considering all appropriate evidence and arguments, the Court finds that the Motion has merit and should be granted. In particular, the Court finds as follows:

1. On June 8, 2004, the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. Since the date, the Debtor has remained in possession of its property and continues to manage its affairs pursuant to 11 U.S.C. §§ 1107 and 1108.

2. The Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 1334 and 157. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. The Debtor, along with a number of affiliated entities, is the subject of a federal receivership case pending in this Court styled *SEC v. Trade Partners, Inc.*, Civil Action No. 1:03-CV-0236 (W.D. Mich., Southern Div.) (the "Receivership Proceeding"). Bruce S. Kramer (the "Receiver") is the receiver for the Debtor and its related entities in the Receivership

Proceeding. Steve Harr (the "Examiner") is the examiner for the Debtor and its related entities in the Receivership Proceeding.

4. The Debtor owns approximately 1,200 acres of vacant residential subdivision property in Pinal County, Arizona (the "Property"). The primary purpose of the Debtor's bankruptcy filing was to facilitate the sale of the Property by taking advantage of Bankruptcy Code section 363(f) to sell the Property free and clear of interests.

5. More than one prospective purchaser expressed interest in purchasing the Property. On February 24, 2005, the Debtor filed a Motion for Order Approving Procedures for Sale of Assets Free and Clear of Liens, Claims and Encumbrances Pursuant to Section 363 of the Bankruptcy Code [Docket No. 62] (the "Sale Procedures Motion") requesting approval of procedures to sell the Property through open bidding at a Court-supervised auction. Burt Hoehne filed an objection [Docket No. 65] to the Sale Procedures Motion. On March 18, 2005, this Court entered an Order Approving Procedures for Sale of Assets Free and Clear of Liens, Claims and Encumbrances Pursuant to Section 363 of the Bankruptcy Code [Docket No. 72] (the "Sale Procedures Order"), which specified the terms, conditions, and procedures for interested parties to participate in an auction of the Property. The Sale Procedures Order reserved ruling on Burt Hoehne's objection to the Sale Procedures Motion.

6. On March 18, 2005, the Debtor filed a Motion to Confirm Results of Auction and Approve Sale of Property Free and Clear of Liens, Claims, and Encumbrances [Docket No. 75] (the "Sale Motion"). Burt Hoehne also filed an objection [Docket No. 78] to the Sale Motion based on the same matters raised in his objection to the Sale Procedures Motion.

7. Burt Hoehne asserts that (a) the Debtor does not have the right to sell the Property, (b) Hoehne holds a valid lien on, or other interest in, the Property, (c) Hoehne has a

right to cure the defaults and purchase the Property under a contract for sale between the Debtor and Kaysee Okpaise, (d) Hoehne has not previously assigned, released, or transferred his lien or other rights concerning the Property or the contract for sale between the Debtor and Kaysee Okpaise, and (e) Hoehne has the right to assign his lien and rights concerning the Property and the contract for sale between the Debtor and Kaysee Okpaise to the Receiver as part of the settlement contemplated herein. Burt Hoehne also asserts several million dollars of claims against, and interests in other assets, against the Debtor, Trade Partners, Inc., and other entities that are the subject of the Receivership Proceeding. The Debtor and the Receiver dispute all of Burt Hoehne's assertions and claims.

8. On April 12, 2005, the Court held a hearing on Burt Hoehne's objection to the Sale Procedures Motion. On April 13, 2005, the Honorable Ellen S. Carmody, United States Magistrate Judge, entered a Report and Recommendation [Docket No. 86] recommending that Burt Hoehne's objection to the Sale Procedures Motion be overruled.

9. On April 13, 2005, the Court held a hearing on the Sale Motion. At that hearing, the Court presided over a public auction to sell the Property in accordance with the Sale Procedures Order. Several parties participated in the auction and made bids to purchase the Property. The final bids for the Property ranged from $8.3 million to $16.5 million. The total amount of liens asserted against the Property, excluding the lien asserted by Burt Hoehne, total less than $6 million.

10. At the April 13, 2005 hearing, the Debtor presented its Motion to approve a settlement with Burt Hoehne on the following terms:

    a. Burt Hoehne will receive $1,100,000.00 from the proceeds at the closing of any sale of the Property to either Bianco Partners, LLC or Summit Financial Corp. as

approved at the April 13, 2005 hearing, and that payment will be in full satisfaction of any and all claims, causes of action, rights, or interests Burt Hoehne and all persons and entities in which Hoehne has an interest or is an officer, majority owner, or control person, including but not necessarily limited to Calabrea Development, LLC (collectively, the "Hoehne Affiliates") may have against the Debtor, the Receiver, the Examiner, Trade Partners, Inc., any of the other entities that are the subject of the Receivership Proceeding, or the receivership estate in the Receivership Proceeding.

b. Burt Hoehne and the Hoehne Affiliates release all claims, causes of action, rights, or interests of any kind, known or unknown, against the Debtor, the Receiver, the Examiner, Trade Partners, Inc., any of the other entities that are the subject of the Receivership Proceeding, and the receivership estate in the Receivership Proceeding.

c. Burt Hoehne and the Hoehne Affiliates waive any right to appeal the Report and Recommendation entered in this case on April 13, 2005 [Docket No. 86] along with any order subsequently entered in this case on any of the matters contained in that Report and Recommendation;

d. Burt Hoehne and the Hoehne Affiliates waive any right to appeal any report and recommendation concerning the Sale Motion along with any order subsequently entered in this case on any of the matters contained in any such report and recommendation;

e. Burt Hoehne will cooperate as reasonably requested by the Receiver in challenging any claim, right, or interest asserted by Kaysee Okpaise concerning the Property, the Debtor, the Receiver, the Examiner, Trade Partners, Inc., or any of the other entities that are the subject of the Receivership Proceeding;

      f.      Burt Hoehne will voluntarily appear for deposition as reasonably requested by the Receiver in any litigation involving the Debtor, Trade Partners, Inc., or any of the other entities that are the subject of the Receivership Proceeding;

      g.      Burt Hoehne assigns all claims, rights, and interests that he has concerning the Property and the contract for sale between the Debtor and Kaysee Okpaise to the Receiver;

      h.      Burt Hoehne stipulates that he has no further claim, cause of action, right, or interest concerning the Property, the Debtor, the Receiver, the Examiner, Trade Partners, Inc., or any of the other entities that are the subject of the Receivership Proceeding; and

      i.      Burt Hoehne will consent to judgment in Adv. No. 1:04-CV-0700 pending in this Court to declare that he has no valid claim, right, or interest concerning the Property.

11.      The proceeds of sale of the Property at the price of any of the final bids approved at the April 13, 2005 hearing will be sufficient to fully satisfy all allowed claims of known creditors (including the amount to be paid to Hoehne under the proposed settlement). All of the excess proceeds after payment of all allowed claims against the Debtor will be paid to the Debtor's parent company, TPI Reap Holdings, LLC. Thus, TPI Reap Holdings, LLC is the only entity with standing to object to the proposed settlement. The Receiver is the receiver for both the Debtor and TPI Reap Holdings, LLC, and he consented to the proposed settlement on behalf of the Debtor and TPI Reap Holdings, LLC. Consequently, the Court can consider and approve the proposed settlement without prior notice to any other persons or entities.

12. This Court has discretion to shorten the notice and consider this matter on an expedited basis pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9006 and 9019. Under the unique circumstances of this case, the Court exercises its discretion to consider the Motion without prior notice or opportunity for hearing for the reasons stated in the immediately preceding paragraph.

13. Bankruptcy Rule 9019(a) provides, "on motion by the Debtor and after a hearing on notice to creditors ... the Court may approve a compromise or settlement." A legitimate purpose of a settlement "is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Bard v. Sicherman (In re Bard)*, 49 Fed. App. 528, 530 (6th Cir. 2002) (quoting *In re A&C Props.*, 784 F.2d 1377, 1380-81 (9th Cir. 1986)).

14. In *Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25, *reh'g denied*, 391 U.S. 909 (1968), the United States Supreme Court stated that the following factors are to be considered in determining the appropriateness of a compromise:

    a. The probabilities of ultimate success should the claim be litigated;

    b. An educated estimate of (i) the complexity, expense, and likely duration of such litigation, (ii) the possible difficulties of collecting on any judgment which might be obtained; and (iii) all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise; and

    c. The comparison of the terms of the compromise with likely rewards of litigation.

15.     The proposed settlement with Burt Hoehne clearly meets the standards established by the United States Supreme Court and the Sixth Circuit. The settlement will allow the Debtor to close a sale of the Property quickly and on terms that will be sufficient to fully satisfy all allowed claims of known creditors (including the amount to be paid to Hoehne under the proposed settlement). None of the Debtor's creditors will be adversely affected by the proposed settlement. The only party that could be adversely affected by the settlement is the Debtor's parent company, TPI Reap Holdings, LLC, and the Receiver has consented to the settlement on behalf of TPI Reap Holdings, LLC.

16.     The proposed settlement is in the best interest of the Debtor, the bankruptcy estate, all creditors, and all other parties in interest.

**IT IS THEREFORE ORDERED** that the settlement outlined above between the Debtor, on the one hand, and Burt Hoehne and the Hoehne Affiliates, on the other hand (the "Settlement"), shall be and hereby is approved.

**IT IS FURTHER ORDERED** that the Debtor shall be and hereby is authorized to consummate the transactions required by the Settlement.

**IT IS FURTHER ORDERED** that the Trustee is authorized to execute any and all documents necessary to effectuate the terms of the Settlement.

DATE:    May 4, 2005        .

                /s/ Robert Holmes Bell
                THE HONORABLE ROBERT HOLMES BELL,
                CHIEF UNITED STATES DISTRICT COURT JUDGE