UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


IN RE: TPI DESERT CARMEL, LLC,                    Hon. Robert Holmes Bell

                                                   Case No. 1:04-cv-00417

_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion of Steve Thomas to Set Aside Proposed Order
Approving Settlement with Burt Hoehne and His Affiliated Entities (Dkt. 91).  The motion was
referred to the undersigned by the Honorable Robert Holmes Bell, Chief Judge, for a Report and
Recommendation.  A hearing, which included testimony from the movant, was held on May 16,
2005.  For the reasons stated below, I recommend that the motion be denied with prejudice.

TPI Desert Carmel, LLC (the Debtor),[1] along with a number of affiliated entities, is the
subject of a federal receivership case pending in this Court, captioned, *Quilling v. Trade Partners,
Inc. et al*, Case No. 1:03-cv-00236 (the Receivership proceeding).  Bruce S. Kramer is the Receiver
for the Debtor and its related entities in the Receivership proceeding.  Steven A. Harr is the
Examiner for the Debtor and its related entities in the Receivership proceeding.

The Debtor owns approximately 1,200 acres of vacant residential subdivision in Pinal
County, Arizona (the Desert Carmel property).  At a hearing on April 13, 2005, the Court presided

_____

[1] This is a Chapter 11 bankruptcy matter, regarding which the Order of Reference was withdrawn by
the Honorable Richard Alan Enslen on July 26, 2004 (Dkt. 17).

over a public auction of the property.  Burt Hoehne objected to the sale and argued that he owned an interest in the property and had significant claims against the Debtor's bankruptcy estate.

Because the price the buyer was willing to pay was significantly higher than any other offer or interest in the property would have suggested, on April 15, 2005, the Court made a Report and Recommendation to the Honorable Robert Holmes Bell that the results of the auction be approved, along with a settlement agreement between the Debtor and Burt Hoehne disposing of all of Mr. Hoehne's claims to the property.  On May 5, 2005, Chief Judge Robert Holmes Bell entered two Orders, an Order granting the Motion for Order of Sale (Dkt. 93), and an Order approving the settlement with Burt Hoehne and his affiliated entities (Dkt. 94).

The current motion, brought by Steve Thomas, relates to his allegation that he had an agreement with Burt Hoehne regarding any profits realized from the Desert Carmel property.  Based on the motion and attachments, it appears that Mr. Thomas does not have any claim against the Debtor or any interest in the property.  Even assuming his allegations to be true, Mr. Thomas has nothing more than a contractual agreement with Mr. Hoehne and his allegations against Mr. Hoehne do not affect the Debtor or the bankruptcy estate.  For this reason, the undersigned hereby recommends that Mr. Thomas' motion (Dkt. 91) be denied.

Moreover, on May 16, 2005, Mr. Thomas filed a separate but related Complaint, *Steve Thomas v. Burt Hoehne*, Case No. 1:05-cv-00343, alleging a breach of partnership agreement and requesting a Temporary Restraining Order.  That separate Complaint asserts the same claims made in Steve Thomas' motion in this case.  For this reason, the undersigned is also of the opinion that the motion in this case should be denied as moot because the dispute will be addressed in the newly filed case.

Finally, although according to his own testimony Steve Thomas knew of the auction of the properties, and in fact stated that he was instrumental in bringing some of the bidders to the auction, his motion to set aside proposed order was not timely.[2]  The Report and Recommendation was entered on April 15, 2005.  Mr. Thomas did not file his motion until May 4, 2005, more than ten days after the Report and Recommendation was filed.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the district court's order.  *See, Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

For the foregoing reasons, pursuant to 28 U.S.C. § 636(b)(1)(B), allowing magistrate judges to submit proposed findings of fact and recommendations for disposition of referred motions, the undersigned recommends that Steve Thomas' motion to set aside proposed order (Dkt. 91) be **denied with prejudice**.

Respectfully submitted,

Date:  May 17, 2005

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

---

[2] Although not so named, the motion really constituted objection to the April 15, 2005 Report and Recommendation.