**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| TRADE PARTNERS GATEWAY CENTER, LLC, n/k/a TPI DESERT CARMEL, LLC, | § § § § § | CIVIL ACTION NO. 1:04-CV-0417 |
| DEBTOR. | § | |
| TRADE PARTNERS GATEWAY CENTER, LLC, n/k/a TPI DESERT CARMEL, LLC | § § § § | |
| Plaintiff, | § § | Adversary No.: 1:04-CV-0786 |
| v. | § § | |
| NEW ERA LIFE INSURANCE COMPANY, NEW ERA LIFE INSURANCE COMPANY OF THE MIDWEST and PHILIDELPHIA AMERICAN LIFE INSURANCE COMPANY, | § § § § § § § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Bruce S. Kramer as Receiver ("Receiver") of Trade Partners, Inc., and its numerous affiliates ("Trade Partners") brought an Ancillary Complaint against New Era Enterprises, Inc. ("Enterprises"), New Era Life Insurance Company ("New Era Life"), and Philadelphia American Life Insurance Company ("PALIC" and, collectively with Enterprises, New Era Life and New Era Life Insurance Company of the Midwest ("Midwest"), the "New Era Companies"). In the Ancillary Complaint, the Receiver objected to certain claims made by the New Era Companies and also seeks affirmative relief of money damages against them.

The Receiver had also caused Chapter 11 cases to be commenced by two affiliates of Trade Partners, being Trade Partners Greenville, LLC ("Greenville") and Trade Partners Gateway Center, LLC n/k/a TPI Desert Carmel, LLC ("Desert Carmel"). Both Greenville and Desert Carmel commenced adversary proceedings ("Adversary Proceedings") against some or all of the New Era Companies, in which the Plaintiff Debtors adopted and incorporated the Ancillary Complaint that had been filed by the Receiver in the above-captioned case. The Adversary Proceedings brought by Greenville and Desert Carmel also alleged that the New Era Companies were liable to the Debtors for their deepening insolvency. The reference of the *Desert Carmel* Chapter 11 Case to the Bankruptcy Court was withdrawn and that Chapter 11 case is now pending before this Court as Case No. 1:04-CV-0417. The *Greenville* Chapter 11 Case is currently pending in the United States Bankruptcy Court for the Western District of Michigan ("Bankruptcy Court") under Case No. 04-09055-JCS. The reference of the adversary proceeding in the *Greenville* Chapter 11 Case to the Bankruptcy Court had been withdrawn so that both Adversary Proceedings and the Ancillary Complaint were all pending before this Court.

The New Era Companies filed a Motion to Dismiss the Ancillary Complaint and the Adversary Proceedings, which Motion was fully briefed, argued and was the subject of a previous Report and Recommendation issued on March 10, 2006, which denied in part and granted in part the Motion to Dismiss. Thereafter, the parties commenced discovery and also engaged in arm's length settlement negotiations.

The parties entered into a Settlement Agreement and Mutual General Release ("Settlement Agreement") which is subject to Court approval. The Receiver's Motion for Authority To Enter Into, And For Approval Of, Settlement Agreement With

The New Era Companies is pending before the Court (Dkt. 116)("Settlement Motion"). The Settlement Motion has also been filed in the *Desert Carmel* Chapter 11 Case. It appears from a review of the applicable docket entries that no response or objection was filed by any person or entity. The undersigned recommends that the Settlement Motion be granted.

If the Settlement Motion is approved by this Court and, as to Greenville, by the Bankruptcy Court, the Ancillary Complaint and the Adversary Proceedings will be dismissed with prejudice and Receiver, Greenville and Desert Carmel will pay the settlement amount stated in the Settlement Agreement to the New Era Companies. Payment of the settlement amount will be in full satisfaction of all claims of the New Era Companies against Receiver and Trade Partners, including Greenville and Desert Carmel, which claims will then be withdrawn. All parties will also give full releases. The Settlement Agreement contains confidentiality provisions and is being treated as a confidential document.

The Settlement Motion was heard before the undersigned on August 1, 2006, at 2:00 p.m. Michael J. Quilling, Plaintiff and Special Counsel for Receiver; Bruce S. Kramer; and Steven A. Harr of Munsch, Hardt, Kopf and Harr, the Examiner ("Examiner") appointed in the case were present. David Murphy and Kay Kress, counsel for the New Era Companies were also present. In the courtroom, but not formally appearing at the hearing of the Settlement Motion, were Robert Nelson and William Farr, attorneys for Peter Sturrus, a person against whom the Receiver had filed other, unrelated litigation. An attorney representing Macatawa Bank was also present.

Both Mr. Murphy, for the New Era Companies, and Mr. Quilling, for the Receiver, spoke in favor of the settlement motion.  Mr. Murphy outlined the terms of the settlement between, on one hand, the Receiver, the Examiner and his law firm, Trade Partners and all of its affiliates, including Greenville and Desert Carmel, and, on the other hand, the New Era Companies.  The Settlement Motion laid out the chronology of the Receiver's claims against the New Era Companies and of the New Era Companies' claims against Trade Partners and its affiliates.  The amount claimed, or which could be claimed, including interest and fees, by the New Era Companies against Trade Partners and its affiliates exceeds $14 million.  Some of the New Era Companies' claims are secured claims and some of them are unsecured.  The Receiver has objected to all of the New Era Companies' claims and has sought affirmative relief against the New Era Companies of several million dollars.

Counsel for the New Era Companies presented to the Court a completely executed copy of the Settlement Agreement entered into by the parties and for which the parties are seeking Court approval.  The settlement amount, set forth in the Settlement Agreement, is to be paid out of receivership and bankruptcy assets to the New Era Companies immediately upon orders approving the Settlement Agreement.

Mr. Murphy argued that the settlement was within the range of reasonable outcomes if all matters were tried and appealed.  He further argued that the Receiver's claims were difficult to prove, that discovery would be costly, and that if the New Era Companies prevailed, the Receiver would have to pay the New Era Companies' accruing interest under certain mortgages, plus attorney fees.  The outcome was uncertain and, no matter who prevailed at trial, there was likely to be an appeal.

-5-

Mr. Quilling argued that discovery costs would be enormous and all would be paid out of the assets of the Trade Partners receivership estate and the Chapter 11 estates of Debtors Greenville and Desert Carmel.  The case would be difficult for a jury to understand.  The trial would be lengthy.  The star witnesses for the Receiver were either now deceased or in jail serving sentences for felony fraud convictions.  The case is not set for trial until June 2007, and it is possible that it would not go forward at that time.  Moreover, Mr. Quilling argued one or more of the New Era Companies' claims is a secured claim as to which the New Era Companies were over-secured.  If the New Era Companies prevailed on that claim, the New Era Companies might be entitled to interest at a very high default rate plus actual attorney fees, pursuant to the terms of the Loan Agreement which was the basis for the secured claim.

Mr. Quilling further argued that a settlement was in the best interest of the estate and all of its creditors and investors because it brought finality to the case.  Without a settlement of the Receiver's litigation against the New Era Companies, the Receiver was unable to propose a disclosure statement or plan for distribution to those entitled to distribution of the assets of Trade Partners.

The Court has considered the Settlement Motion and the arguments of counsel for the parties.  The Court hereby finds and recommends, as follows with respect to the Settlement Motion:

1)   The Settlement Amount is within the range of reasonableness.  The Settlement Agreement should be approved in its entirety.  The Settlement Motion (Dkt. 116) should be granted in its entirety.  The Receiver, Trade Partners, the Examiner,

Desert Carmel and, subject to the approval of the Bankruptcy Court, Greenville, should be authorized to consummate the Settlement Agreement.

    2)  Upon obtaining all required approvals from this Court and the Bankruptcy Court, the Receiver, Desert Carmel and Greenville should promptly pay to the New Era Companies the Settlement Amount stated in the Settlement Agreement.

    3)  New Era Companies' claims against Trade Partners and Trade Partners' claims against New Era Companies should be dismissed with prejudice and without costs to any party.

            Respectfully submitted,

            /s/ Ellen S. Carmody
            ELLEN S. CARMODY
            United States Magistrate Judge

Date: August 21, 2006

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Am,* 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947, 949-950 (6th Cir. 1981).